BEN L. SELIG and LORENE SELIG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Selig v. Commissioner
Docket No. 2119-77.
United States Tax Court
T.C. Memo 1978-249; 1978 Tax Ct. Memo LEXIS 268; 37 T.C.M. (CCH) 1078; T.C.M. (RIA) 78249; July 5, 1978, Filed *268 Held, respondent's use of the net worth method of determining income is discretionary; petitioner may not require its use. Ben L. Selig, pro se. Rodney J. Bartlett, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Year
Deficiency
1972
$ 2,654.59
1973
4,063.02
1974
17,374.99 All issues have been settled but one: [1] Whether petitioners may require respondent to use the net worth method in order to calculate *269 petitioners' income. Petitioners, husband and wife, filed their joint Federal income tax returns with the Internal Revenue Service Center in Memphis, Tennessee. Petitioners were residents of Indianapolis, Indiana, when they filed their petition herein. Ben L. Selig (hereinafter petitioner) owned and operated Esse Radio Company. From 1961 through 1963 respondent determined that petitioner had inadequate books and records and as a result reconstructed petitioner's taxable income by computing petitioner's change in net worth. Petitioner contested respondent's findings in this Court and we agreed that petitioner maintained inadequate books and records. We therefore concluded that respondent's use of the net worth method to determine petitioner's taxable income was proper. Selig v. Commissioner,T.C. Memo. 1968-106. This Court's decision was subsequently affirmed after petitioner agreed there was no basis in law for reversing our decision. Selig v. Commissioner,     F. 2d     (7th Cir., July 8, 1969, 24 AFTR 2d 69-5132, 69-2 USTC par. 9569). *270 Petitioner contends he has continued to maintain the exact types of books and records in the years before us as he maintained from 1961 through 1963, i.e., his books and records from 1972 through 1974 are inadequate for determining his taxable income. As evidence that his bookkeeping has not changed over the past decade, petitioner points out that he still employs the same bookkeeper who kept his books from 1961 through 1963. Because petitioner believes his books and records are inadequate, he contends respondent, who earlier placed petitioner on a "net worth method of accounting," must ignore petitioner's books and records and determine his income through changes in net worth. We find petitioner in a unique position. The essence of his argument rests on incredible assumptions: (1) Although his poor bookkeeping required him to pay several thousand dollars in income tax deficiencies and negligence penalties for the years 1961 through 1963, petitioner argues he has not changed his bookkeeping methods.He now relies on his inadequate bookkeeping habits in hope of avoiding the payment of taxes for the years before us. (2) Petitioner, without presenting any proof, assumes that a net *271 worth study would reveal he had less income than indicated by his books. (3) Petitioner has paid a bookkeeper to keep inaccurate, and inflated books for over a decade even after he became aware that the books were inaccurate. (4) Petitioner has successfully run a business for over a decade basing his business decisions on inaccurate records. Needless to say, we cannot accept these assumptions, nor can we accept petitioner's contention that respondent is required to determine his income using net worth methods. Generally, taxable income is computed under the method of accounting which a taxpayer regularly computes his income in keeping his books. If that method does not clearly reflect income, a taxpayer's taxable income may be recomputed under a method that does clearly reflect income. Sec. 446(a), (b). [2] Unlike petitioner's contention, the net worth method of determining income is not a method of accounting that must be continuously applied. Rather, as noted in Holland v. United States,348 U.S. 121, 131 (1954), the net worth method's function is to call "upon taxpayers to account for their unexplained income." Its use by respondent is discretionary. *272 As this Court stated in United Dressed Beef Co. v. Commissioner,23 T.C. 879, 885 (1955), when a taxpayer similarly complained no net worth computation had been performed by the Commissioner, "The respondent is under no obligation to make such a computation. The petitioners could have offered evidence of net worth if they believed it would show error in the respondent's computation, but they did not do this." Similarly, we conclude respondent is not under an obligation to redetermine petitioner's taxable income using a net worth method. If petitioner believed his books and records inaccurately reflected his income he could have offered evidence of his accurate taxable income. This he failed to do. Accordingly, since we have no facts before us that indicate respondent inaccurately determined petitioner's deficiency, Decision will be entered for the respondent. Footnotes
1. On brief petitioners conceded that they improperly applied the net operating loss provisions of sec. 172, I.R.C. 1954↩.
2. Statutory references are to the Internal Revenue Code of 1954, as amended.↩